UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ESTEVAN BONILLA, | |
| Plaintiff, | 2:07-CV-01611-LRH-PAL |
| v. | |
| PLAZA HOTEL & CASINO, | ORDER |
| Defendant. | |

Presently before the court is Defendant Plaza Hotel & Casino's Motion for Summary Judgment (#15[1]). Plaintiff Estavan Bonilla has filed an opposition (#17) to which Defendant replied (#20). In response to Plaintiff's "Reply in Support of [Plaintiff's] Motion to Oppose Defendant's Summary Judgement" (#21), Defendant has filed a motion to strike (#22). Plaintiff has filed an opposition (#23). Also before the court is Plaintiff's Motion in Limine (#13). Defendant has filed an opposition (#14).

**I.   Facts and Procedural History**

This is a civil action brought for alleged violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611-2654. On August 3, 2004, Defendant's parent company hired Plaintiff as a casino dealer. For several years, Plaintiff worked as a dealer in various casinos owned

---

[1] Refers to the court's docket number.

by the parent company. The company eventually transferred Plaintiff to Defendant's casino where he worked as a table games supervisor until his termination.

From July of 2006 to March of 2007, Plaintiff was "written up" five times for work-related misconduct. Plaintiff also received several verbal warning regarding his conduct. In particular, Plaintiff was cited for violating gaming procedures, insubordination, failing to communicate pertinent information to the proper personnel, "continual mistakes," "dereliction of duty," "improper conduct relating to performance," "leaving assigned work station without being properly relieved numerous times in one evening," and "leaving unused cards in a nonsecure area." (Def.'s Mot. Summ. J. (#15), Ex F.) After each incident, Defendant warned Plaintiff that he must "show immediate and continuous improvement. Failure to do so will result in further corrective action." (*Id.*)

In early 2007, Plaintiff also began receiving several customer-based complaints. For example, on January 13, 2007, Plaintiff's supervisor, Tilahun Kassa filled out a customer concern form in response to a customer complaint regarding Plaintiff. The form states that Plaintiff left his section without telling anyone and without getting another person to watch his section. In addition, on January 15, 2007, Christy Carter, Plaintiff's direct supervisor at the time of his termination, filled out a second customer concern form in response to a customer complaint. The form indicates that after Plaintiff "put [a] fill on the wrong game," he again left his work station, leaving the station vulnerable to theft, among other concerns. On April 2, 2007, also in response to a customer complaint, Mr. Kassa submitted another customer concern form indicating that Plaintiff disregarded Ms. Carter's orders not to serve a particular customer because the customer was intoxicated.

On January 17, 2007, Defendant suspended Plaintiff, taking its first formal disciplinary action against him. However, following an investigation, Plaintiff was reinstated. On March 19, 2007, Defendant again disciplined Plaintiff following an incident where Plaintiff did not properly

handle an important casino client.

In July of 2007, Plaintiff requested FMLA leave to enable him to undergo surgery for a deviated septum and an umbilical hernia. Virginia Manning, the benefits manager for Defendant, handled Plaintiff's request for FMLA leave. Ms. Manning granted the FMLA request, and Plaintiff's FMLA leave was to begin August 9, 2007, and to end September 5, 2007.

On August 6, 2007, two days before his scheduled FMLA leave, Plaintiff failed to "count a table on drop." (Def.'s Mot. Summ. J. (#15), Ex. A at 118:12-119:2.) As a result, the necessary reports were off by $25,560. To "count tables," generally two supervisors go to each table and document the dollar amounts kept in the tables. In addition, one supervisor calls out the amount of chips in the table while the other supervisor documents the amount. Plaintiff admits that on August 6, 2007, he miscounted chips resulting in the $25,560 discrepancy.

After filing a written report of the incident, on August 8, 2007, Defendant terminated Plaintiff citing "progressive discipline for job performance" as the reason for termination. (Def.'s Mot. Summ. J. (#15), Ex. P.) LaTrisa Young, the human resources manager for Defendant, made the decision to terminate Plaintiff. Ms. Young learned that Plaintiff was scheduled to take FMLA leave two to four weeks after Plaintiff had been terminated. Ms. Manning, as the benefits manager, did not participate in any of Defendant's employment decisions. Instead, her job duties relate exclusively to administering benefits to Defendant's employees.

Following his termination, Plaintiff applied for unemployment benefits with the Employment and Security Division of the State of Nevada. The Division concluded that Plaintiff was eligible for benefits because there was insufficient evidence to show "wilful wrongdoing activity." (Pl.'s Opp. Mot. Summ. J. (#118), Ex. 3.) Defendant did not appeal the Division's decision.

///

///

3

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record that demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

## III. Discussion

The FMLA provides that an eligible employee shall be entitled to twelve workweeks of leave during any twelve-month period due to the birth of a child, adoption, to care for the spouse, son, daughter, or parent of the employee, or because of a serious health condition that makes the employee unable to perform the function of his or her position.[2] 29 U.S.C. § 2612.

In the complaint, Plaintiff alleges the following two FMLA-based claims for relief: (1) interference with the exercise of FMLA rights in violation of 29 U.S.C. § 2615(a)(1) and (2) retaliation for threatening to file formal FMLA-related complaints against Defendants in violation of 29 U.S.C. §§ 2615(a)(2) and (b). The court will address each of these claims below.

### A. Motion to Strike

As a preliminary matter, the court notes that Plaintiff has filed a "Reply in Support of Its Motion to Oppose Defendant's Summary Judgment" (#21). Defendant seeks to strike the motion, arguing that the motion is an unapproved surreply to Defendant's Motion for Summary Judgment (#15). The court agrees that the reply is essentially an unapproved surreply. Nonetheless, the court has considered the parties' points and authorities and finds that the arguments raised in the surreply are potentially relevant to resolving the present dispute and are not redundant. Thus, the court will deny Defendant's motion.

### B. Interference

Under FMLA, it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA." 29 U.S.C. § 2615(a)(1). Thus, § 2615(a)(1) prohibits an employer from using FMLA-protected leave as a negative factor in an employment decision. *Bachelder v. American West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). To prevail on an interference claim, a plaintiff "need only prove by a preponderance of the evidence that her taking of FMLA-protected leaves constituted a negative

---

[2] Defendant does not dispute that Plaintiff is an eligible employee with a serious health condition.

factor in [an adverse employment decision]." *Id.* at 1125.

Plaintiff alleges that Defendant interfered with the exercise of his FMLA rights by terminating him and by failing to restore him to his former position after his FMLA leave. Defendant counters that there is no evidence to suggest that its decision to terminate Plaintiff was related to his scheduled FMLA leave.

Plaintiff does not dispute that Defendant did not cite the use of FMLA leave as a reason for Plaintiff's termination or that Ms. Young, the ultimate decision maker regarding Plaintiff's termination, had no knowledge of Plaintiff's use of FMLA leave until after Plaintiff's termination. Likewise, Plaintiff has failed to provide any evidence indicating that any other individual with knowledge of Plaintiff's FMLA leave played a role in the termination decision. Instead, Ms. Manning, the individual who granted Plaintiff's FMLA leave request, did not play any role in employment decisions made by Defendant, including termination decisions. Further, although Ms. Manning informed Plaintiff's supervisor of Plaintiff's upcoming FMLA leave, Plaintiff has failed to provide evidence indicating that this supervisor or any other individual with knowledge of Plaintiff's FMLA leave played any role in the termination decision.

Accordingly, the court finds that based on the evidence presented no reasonable jury could conclude that Plaintiff's use of FMLA-protected leave was a negative factor in the termination decision. Summary judgment as to the interference claim is therefore appropriate.

**C. Retaliation**

Plaintiff also alleges a retaliation claim. The FMLA contemplates two types of retaliation claims. First, the FMLA prohibits an employer from "discriminat[ing] against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2). Second, the FMLA prohibits an employer from discriminating against any individual for instituting or participating in FMLA proceedings or inquiries. 29 U.S.C. § 2615(b).

Plaintiff has failed to present any evidence supporting either type of retaliation. There is no

1  evidence indicating that prior to his termination Plaintiff opposed any practice made unlawful by
2  FMLA or that he instituted or participated in FMLA proceedings or inquiries.  Although in the
3  complaint Plaintiff alleges that he was terminated in retaliation for threatening to file a formal
4  complaint against Defendant based on Defendant's alleged FMLA violation, Plaintiff now admits
5  that he never made such a threat.[3]

6  Accordingly, the court finds that no reasonable jury could conclude that Defendant
7  retaliated against Plaintiff for opposing any practice made unlawful by the FMLA or for
8  participating in or instituting FMLA proceedings.  Summary judgment is therefore appropriate.

9  IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#15) is
10 hereby GRANTED.

11 IT IS FURTHER ORDERED that Defendant's Motion to Strike (#22) is hereby DENIED.

12 IT IS FURTHER ORDERED that Plaintiff's Motion in Limine (#13) is hereby DENIED as
13 moot.

14 The Court Clerk is directed to enter judgment accordingly.

15 IT IS SO ORDERED.

16 DATED this 9th day of March, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Rather than supporting a retaliation claim, Plaintiff's evidence relates solely to Plaintiff's use of FMLA leave.  The Ninth Circuit has made clear that complaints alleging adverse employment actions taken against employees because they have used FMLA leave should be construed as claims of interference, not retaliation or discrimination.  *See Bachelder*, 259 F.3d at 1124 ("By their plain meaning, the anti-retaliation or anti-discrimination provisions do not cover visiting negative consequences on an employee simply because he has used FMLA leave.  Such action is, instead, covered under § 2615(a)(1) . . . .")